IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffrey A. KLINE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jeffrey A. KLINE, Respondent.

Supreme Court

*No. 2009AP1938–D—Decided April 28, 2010.*

2010 WI 29

(Also reported in 781 N.W.2d 492.)

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) has filed a complaint seeking discipline identical to that imposed in Illinois, where Attorney Jeffrey A. Kline has been disbarred. Michael F. Dubis was appointed referee. After a default hearing, Referee Dubis concluded Attorney Kline is subject to reciprocal discipline in Wisconsin. Referee Dubis recommends Attorney Kline be disbarred and that he pay the costs of this proceeding.

¶ 2. Because no appeal has been filed, we review the referee's report pursuant to SCR 22.17(2).[1] Upon our independent review of the record, we approve and adopt the referee's findings and conclusions. We determine that by virtue of having been disbarred in Illinois for violation of the Illinois Rules of Professional Conduct, Attorney Kline is subject to reciprocal discipline pursuant to SCR 22.22.[2] We order Attorney Kline's license to practice law in Wisconsin to be revoked and that Attorney Kline bear the costs of this proceeding.

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] SCR 22.22 provides, in pertinent part, as follows: Reciprocal discipline.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court. . . .

¶ 3.   Attorney Kline was admitted to practice law in Illinois in 1992 and in Wisconsin in 1993. He practiced in Rockford, Illinois. Effective June 2, 1998, Attorney Kline's Wisconsin law license was suspended for failing to comply with continuing legal education requirements. His license remains suspended.

¶ 4.   On September 16, 2008, the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("the Commission") issued an order and judgment of disbarment of Attorney Kline's law license. Attorney Kline's misconduct, considered by the Commission, includes charges for driving under the influence and pleading guilty to a lesser charge of reckless driving, a Class A misdemeanor; a conviction of aggra-

---

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct ... shall be conclusive evidence of the attorney's misconduct ....

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

32

vated driving under the influence, a Class 4 felony; and the failure of Attorney Kline to notify the Commission within 30 days after his judgment of conviction. The Commission also considered that Attorney Kline engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation by failing to pay child support and disseminating marital assets, totaling $107,040, by transferring funds to a bank in Costa Rica. The Commission concluded Attorney Kline engaged in conduct which tends to defeat the administration of justice in violation of the Illinois Rules of Professional Conduct.

¶ 5. The exhibits filed with the OLR complaint indicate that Attorney Kline is believed to be living in Costa Rica. In August 2007 an investigator's communications with the United States Embassy in San Jose, Costa Rica, confirmed that Attorney Kline was believed to be residing in Costa Rica. The investigator stated she had sent a copy of the Illinois disciplinary complaint and accompanying documents by regular mail to Attorney Kline's last registered business and home addresses. Attorney Kline did not file an answer or otherwise respond to the Illinois disciplinary complaint, failed to appear for his discovery deposition, failed to produce documents, and failed to file a report disclosing potential witnesses as required by the Commission's rules. On November 6, 2007, the Commission's motion to deem the allegations of the complaint admitted was granted.

¶ 6. Pursuant to the OLR's motion, this court issued an order on August 4, 2009, directing Attorney Kline to inform the court of any potential claim under SCR 22.22(3) that the imposition of discipline identical to that imposed in Illinois would be unwarranted. The order directed Attorney Kline to so inform the court by August 18, 2009, and, if no response were received, the

court would proceed under SCR 22.22. No response from Attorney Kline has been received.

¶ 7. On September 18, 2009, the OLR filed an affidavit pursuant to SCR 22.13(1) that it had mailed, by certified mail, the complaint, motion, and order to answer to Attorney Kline's most recent address furnished to the State Bar of Wisconsin.[3] The OLR also filed an affidavit of non-service by the Sheriff of Winnebago County, Illinois. The OLR requested the appointment of a referee.

¶ 8. Following the appointment of Referee Dubis, the OLR filed a notice of motion and motion for default judgment. The OLR stated that Attorney Kline's answer was past due and, on information and belief, he had left the country.

¶ 9. On November 20, 2009, the referee filed a notice scheduling a hearing on the OLR's motion for default judgment on December 16, 2009. The notice provided directions to Attorney Kline in the event he wished to appear by telephone. The notice stated that failure to appear may result in default judgment. The referee filed an affidavit, signed by his office administrator, which stated on November 20, 2009, she sent to Attorney Kline by certified mail the notice of hearing pursuant to SCR 22.13(1).

¶ 10. On January 14, 2010, the referee filed his report and recommendation. The referee stated that Attorney Kline had been served with the complaint and

---

[3] SCR 22.13(1) provides, in pertinent part, as follows:

If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar.

34

motion and failed to appear or contest the proceedings. The referee incorporated into his findings the allegations of the OLR complaint. The referee found that on September 16, 2008, Attorney Kline was ordered disbarred in Illinois. The referee also found that Attorney Kline failed to notify the OLR of the Illinois discipline within 20 days of its effective date, and failed to inform the court of any reason why discipline identical to that imposed in Illinois should not be imposed in Wisconsin.

¶ 11.   The referee concluded Attorney Kline was in default and the allegations contained in the OLR's complaint were deemed admitted. The referee concluded Attorney Kline had violated SCR 22.22(1)[4] by failing to notify the OLR within 20 days of the effective date of his Illinois disbarment. The referee concluded Attorney Kline is subject to reciprocal discipline and recommended he be disbarred from practicing law in Wisconsin and be ordered to pay the costs of this proceeding.

¶ 12.   We approve and adopt the referee's findings and conclusions, which are unchallenged. Service upon Attorney Kline of the pleadings has been accomplished pursuant to SCR 22.13(1). Attorney Kline has not filed an answer to the complaint and has not entered an appearance in this matter. The time to do so has expired. We conclude the OLR is entitled to a default judgment that Attorney Kline is subject to reciprocal discipline pursuant to SCR 22.22. We order Attorney

---

[4] SCR 22.22(1) provides:

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

Kline's license to practice law in Wisconsin be revoked and that Attorney Kline bear the costs of this proceeding.[5]

¶ 13.  IT IS ORDERED that the license of Jeffrey A. Kline to practice law in Wisconsin is revoked, effective the date of this order.

¶ 14.  IT IS FURTHER ORDERED that within 90 days of the date of this order, Jeffrey A. Kline pay to the Office of Lawyer Regulation the costs of the proceeding.

¶ 15.  IT IS FURTHER ORDERED that Jeffrey A. Kline shall comply with SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been revoked.

---

[5] The OLR filed a statement of costs on February 3, 2010, indicating total costs of $765.12.